IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANTHONY D. WILLIAMS,** )<br>)<br>    **Petitioner,** )<br>) <br>**v.** )<br>)<br>**CLAUDE MAYE,** )<br>)<br>    **Respondent.** )<br>_____ ) | **CIVIL ACTION**<br><br>**No. 15-3055-KHV** |

## MEMORANDUM AND ORDER

Petitioner, a prisoner in federal custody, seeks habeas corpus relief under 28 U.S.C. § 2241. He commenced this action while incarcerated at the United States Penitentiary, Leavenworth ("USPL") and challenged the loss of good conduct time ("GCT") in an administrative disciplinary action.

Background

Petitioner is subject to the inmate discipline program of the Federal Bureau of Prisons ("BOP"). Under that program, BOP staff may impose sanctions on prisoners who commit prohibited acts, as defined in 28 C.F.R. § 541.3, Prohibited Acts And Available Sanctions, Table 1.

On September 20, 2013, a Discipline Hearing Officer ("DHO") at the Federal Correctional Institution, La Tuna, Texas ("FCI La Tuna"), found that petitioner had committed the prohibited acts of Refusing To Obey An Order and Insolence Toward A Staff Member, both 300 level offenses. Petitioner appealed, and the BOP ordered a rehearing at USPL (to which the BOP had transferred petitioner in the interim).

The DHO at USPL found that petitioner had committed the prohibited act of Threatening,

a 200 level offense. This result mandated the loss of GCT. Petitioner appealed, and the National Appeals Administrator remanded the matter for an amended DHO report. The amended report restored the decision originally imposed at FCI La Tuna, with two 300 level offenses and no loss of GCT. Petitioner already had served the remaining sanctions: 14 days of disciplinary segregation, 45 days of commissary restriction, and 45 days of visiting and telephone restriction.

Due to the reinstatement of petitioner's GCT, respondent argues that this habeas corpus action is moot. Petitioner disagrees, claiming he has been subject to retaliation due to the disciplinary action[1].

## Analysis

The Court may review the execution of a sentence under Section 2241. Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). The traditional function of the writ is to secure release from illegal custody. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In the Tenth Circuit, relief under Section 2241 is available where a prisoner challenges "the fact or duration of his confinement" or seeks "immediate release or a shortened period of confinement." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012). In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action. Id.

A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998) (citing Spencer v. Kemna, 523 U.S. 1 (1998)). If an event occurs while a case is pending that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the case is

---

[1] Petitioner filed a motion for an extension of time to file a traverse (Doc. #18) and a motion for leave to reply to respondent's reply to his traverse (Doc. #22). The Court grants these motions and in ruling on the petition, has considered the petitioner's traverse (Doc. #20) and reply (Doc. #22).

moot.  Prier v. Steed, 456 F.3d 1209, 1212, 1213 (10th Cir. 2006).

Petitioner is no longer subject to the loss of GCT, and the remaining sanctions, which petitioner has already satisfied, do not alter the duration of his confinement.  The Court cannot grant any effectual relief in habeas corpus.  Accordingly, this matter is moot.  Petitioner must pursue any claims concerning his conditions of confinement in a civil rights action.

**IT IS THEREFORE ORDERED** that the Petition For Writ Of Habeas Corpus (Doc. #1) filed March 19, 2015 be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** petitioner's Motion To Expedite (Doc. #13) filed June 23, 2015 be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Motion For Extension Of Time To File Traverse (Doc. #18) filed August 24, 2015 be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the petitioner's Motion Seeking Leave To Reply To The Respondent's Motion To Moot His 2241 (Doc. #22) be and hereby is **GRANTED**.

Dated this 8th day of March, 2016 at Kansas City, Kansas.

S/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge